VIRGINIA: IN THE CIRCUIT COURT OF ROCKINGHAM COUNTY

FILED IN THE CLERK'S OFFICE
ROCKINGHAM COUNTY VA

JAN 1 9 2021

_____ DEPUTY CLERK

ASHLEY ADAMS,

    *Plaintiff*

v.	Case No. CL20-4622

ROCKINGHAM COUNTY
Department of Parks and Recreation

    *Defendant*

## DEFENDANT'S DEMURRER and SPECIAL PLEA IN BAR

Defendant Rockingham County Department of Parks and Recreation, by counsel, files this demurrer and special plea in bar in response to the Complaint, and states as follows:

### DEMURRER

1. Plaintiff has named Rockingham County Department of Parks and Recreation as the Defendant in this Title VII case. Because Rockingham County Department of Parks and Recreation is *non suis juris* and is not an entity subject to suit, the Complaint should be dismissed against it. *See Booker v. City of Lynchburg*, No. 6:20-cv-00011, 2020 U.S. Dist. LEXIS 128818, at *11 (W.D. Va. July 22, 2020); *Thompson v. City of Danville*, No. 4:10-cv-00012, 2011 U.S. Dist. LEXIS 59698 (W.D. Va. June 3, 2011) *aff'd* 457 Fed. Appx. 221 (departments of locality in Virginia are *non suis juris*, meaning they simply do not have the capacity to be sued"); *Doe v. Commonwealth*, 74 Va. Cir. 75, 83 (Cir. Ct. 2007); *Young v. City of Norfolk*, 62 Va. Cir. 307, 310 (Cir. Ct. 2003).

2. In the alternative, Plaintiff fails to state a claim upon which relief can be granted as she failed to exhaust her administrative remedies with the Equal Employment Opportunity Commission (EEOC), a mandatory predicate to filing a civil action under Title VII.

TimberlakeSmith
Staunton, VA
540.885.1517

a. Such administrative action is initiated by the filing of a charge of discrimination with the EEOC within 300 days after the alleged unlawful employment practice occurred. 42 USCS § 2000e-5(e). A civil action may only be brought by the person aggrieved after the person has received a notice of the right to sue from the EEOC. 42 USCS § 2000e-5(f)(1). The aggrieved person then has 90 days within which to file such civil action. *Id.*

b. Notably, only those allegations included in the EEOC charge of discrimination will be considered in a subsequent civil action. *Balas v. Huntington Ingalls Indus.*, 711 F.3d 401, 407 (4th Cir. 2013) (details in letters and other documents submitted to the EEOC that were not included in the original charge are barred from consideration).

c. These administrative procedures are mandatory and must be exhausted before a suit can be filed. *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1851 (2019)(Title VII's EEOC charge-filing provisions are mandatory).

d. Here, Plaintiff alleged that she exhausted the administrative process in paragraphs 9-12 and in the supporting documents attached to the Complaint as Exhibits A, B, and C. The Charge of Discrimination (Exhibit A to the Complaint) relied upon by Plaintiff to establish that she met the exhaustion requirement is for EEOC Charge No. 438-2017-00066. However, the EEOC Determination and Notice of Right to Sue (Exhibits B and C to the Complaint) relied upon by Plaintiff to establish that she met the exhaustion requirement are for a different EEOC charge: EEOC Charge No. 438-2018-00066, which is not attached to the Complaint or otherwise mentioned.

TimberlakeSmith
Staunton, VA
540.885.1517

2

  e. Because the scope of the Charge of Discrimination is what governs the scope of this suit, Plaintiff must have a right to sue notice for that particular Charge of Discrimination before she can file suit. She is not at liberty to mix and match EEOC charges and right to sue notices.

  f. On the face of the Complaint and its attachments, it does not appear that Plaintiff has received a right to sue notice on EEOC No. 438-2017-00066 which is what governs the scope of this lawsuit, and thus she has failed to exhaust her administrative remedies as mandated by Title VII.

3. Plaintiff fails to state a claim of retaliation (Count III) under Title VII upon which relief can be granted. Plaintiff claims that she was retaliated against in the form a failure to promote. While she asserts that she "repeatedly" reported abusive and illegal conduct, (Complaint 62), the facts allege only one report to HR about Bridges and McQuain's inappropriate comments about her pregnancy (Complaint 23), and her complaints that McQuain's cousin, was being promoted, without letting others know of the open position. (Complaint 24). Plaintiff later reported to the county administrator that she was retaliated against for reporting *nepotism* (Complaint 26). However, nepotism is not a practice made unlawful under Title VII. *See* 42 USCS § 2000e-2. Being retaliated against for reporting nepotism is not a violation Title VII, and such claim should be dismissed.

## SPECIAL PLEA IN BAR

4. Counts I and II asserting discrimination and Count III asserting retaliation are time barred.

  a. The adverse employment action alleged in these three counts is the alleged failure to promote. Count I alleges that she suffered pregnancy discrimination when she was "denied a fair opportunity for career advancement" (Complaint

47). Count II alleges that she suffered sex discrimination when other male coworkers were treated better when they were allowed "a fair opportunity to interview and be considered for a career advancement." (Complaint 54). Count III alleges she was retaliated against when she was denied "the opportunity for career advancement." (Complaint 63).

b. A discrete act such as a failure to promote constitutes a separate actionable "unlawful employment practice" triggering the duty to file a charge of discrimination within the prescribed limitations period and is not subject to tolling based upon the continuing violation doctrine. *AMTRAK v. Morgan*, 536 U.S. 101, 114, 122 S. Ct. 2061, 2073 (2002). Title VII's time limit for filing a charge with the EEOC is one of the mandatory preconditions for relief. *See Fort Bend Cty. v. Davis*, 139 S. Ct. at 1850.

c. Plaintiff alleges that in late April or early May of 2017, she sought and was denied a promotion to the position of Recreation Programs Supervisor. (Complaint 27-28).

d. The position of Recreation Programs Supervisor was filled on May 8, 2017.

e. Plaintiff had until March 4, 2018, to file a charge of discrimination with the EEOC which was 300 days from May 8, 2017, the date of the alleged "unlawful employment practice." *See* 42 USCS § 2000e-5(e).

f. However, the Charge of Discrimination was not filed until on or after March 12, 2018, which was after the expiration of the deadline. *See* Complaint, Exhibit A.

TimberlakeSmith
Staunton, VA
540.885.1517

g. Because Plaintiff did not file a Charge of Discrimination regarding the alleged failure to promote within 300 days of the date of the unlawful employment practice, all claims of failure to promote are time barred.

WHEREFORE, Defendant respectfully requests that its Demurrer be sustained, that its Special Plea in Bar be sustained, that the Complaint be dismissed with prejudice, and that it be awarded such other and further relief as the nature of the case may require.

ROCKINGHAM COUNTY Department of Parks and Recreation,

By counsel

TimberlakeSmith
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone: 540/885-1517
fax:   540/885-4537

By: _____
Rosalie Pemberton Fessier
VSB # 39030
rfessier@timberlakesmith.com
Mandi Montgomery Smith
VSB # 68668
msmith@timberlakesmith.com
Brittany E. Shipley
VSB # 93767
bshipley@timberlakesmith.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed, postage prepaid, on January 19, 2021, to:

>Joanne Dekker, Esquire
>Spiggle Law Firm, PLLC - Arlington
>4830A 31st St., S., Suite A
>Arlington VA 22206

*[signature]*

Rosalie Pemberton Fessier
Mandi Montgomery Smith
Brittany E. Shipley

TimberlakeSmith
Staunton, VA
540.885.1517

w:\lib\usdocs\29403\0076\00273539.docx

**ROSALIE PEMBERTON FESSIER**
rfessier@timberlakesmith.com

**TimberlakeSmith**
ATTORNEYS AT LAW

**PHONE • FAX**
T: 540.885.1517
F: 540.885.4537

**REAL ESTATE FAX**
F: 540.885.6780

**MAILING ADDRESS**
Post Office Box 108
Staunton, VA 24402-0108

**OFFICE ADDRESS**
25 North Central Ave.
Staunton, VA 24401

www.timberlakesmith.com

January 19, 2021

*Via Facsimile Only to 540.564.3127*

Chaz W. Haywood, Clerk
Rockingham County Circuit Court
80 Court Square
Harrisonburg VA 22801

    RE:    *Ashley Adams v. Rockingham County, VA*
            Case No. CL20-4622

Dear Mr. Haywood:

    Please note me as counsel for defendant Rockingham County Department of Parks and Recreation in the above-referenced matter.

    Enclosed for filing is Defendant's Demurrer and Special Plea in Bar.

                                          Very truly yours,

                                          Rosalie Pemberton Fessier

RPF:cac
enclosure
cc:    Joanne Dekker, Esquire (w/enc.)

# TimberlakeSmith
*Facsimile Cover Page*

| | |
|---|---|
| **To:** | Rockingham Circuit Court<br>Attn: Civil filings - Wanda |
| **Fax #:** | 540.564.3127 |
| **From:** | Rosalie Fessier, Esq. |
| **Subject:** | Adams v. Rockingham County<br>CL20-4622 |
| **Date:** | January 19, 2021 |
| **Pages** | 8 , including this sheet. |

If you do not receive all pages, or have other problems, please call our office at 540.885.1517, and ask for Cheryl.

**COMMENTS:** Please file the attached Defendant's Demurrer and Special Plea in Bar with the other papers in this matter.

Thank you.

From the desk of...

**Rosalie Pemberton Fessier**
TimberlakeSmith
P. O. Box 108
Staunton, VA 24402-0108
www.timberlakesmith.com

Phone: 540/885-1517
Fax: 540/885-4537
Email: rfessier@timberlakesmith.com

*The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U. S. Postal Service. Thank You.*