UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| ASHLEY ADAMS,<br><br>*Plaintiff*<br><br>v.<br><br>ROCKINGHAM COUNTY<br>Department of Parks and Recreation,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 5:21-cv-6 |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Rockingham County Department of Parks and Recreation, by counsel, files the memorandum in support of its motion to dismiss filed pursuant to Fed. R. Civ. P. Rule 12(b)(6), and states as follows:

Plaintiff, Ashley Adams, asserts a Title VII claim against the Rockingham County Department of Parks and Recreation alleging pregnancy discrimination, sex discrimination, retaliation, hostile work environment, and constructive discharge. In paragraphs 9-12 and in exhibits A, B, and C of the Complaint, Plaintiff describes her efforts to exhaust her administrative remedies before the EEOC.

Defendant moves to dismiss the Complaint as: 1) it is not an entity that has the capacity to be sued, and 2) Plaintiff has failed to exhaust her administrative remedies.

TimberlakeSmith
Staunton, VA
540.885.1517

## ARGUMENT

### I. Standard of review.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff' s complaint to determine if it has properly stated a claim. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proven consistent with the allegations of the complaint. *Swierkiewicz v. Suprema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992 (2002). In determining the sufficiency of a complaint, Rule 8 requires that a plaintiff plead more than unadorned, the-defendant-unlawfully-harmed-me-accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). A pleading that offers labels or conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Id* . The claim must be plausible on its face. *Id*. The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plaintiff must plead more than a sheer possibility. *Id*. Naked assertions devoid of further factual enhancement are insufficient to meet the pleading standard in Rule 8. *Id*.; U.*S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir. 2009). Facts that are merely consistent with a defendant' s liability fall short of the pleading standard. *Iqbal*, 556 U.S. at 678. The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*.

When deciding a motion to dismiss, the court may consider exhibits attached to the complaint. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). A district court may reach the merits of an affirmative defense when

TimberlakeSmith
Staunton, VA
540.885.1517

ruling on a motion to dismiss "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Four-C-Aire, Inc.*, 929 F.3d 135, 152 (4th Cir. 2019) *citing Goodman v. Praxair, Inc*., 494 F.3d 458, 464 (4th Cir. 2007); *see also Demetry v. Lasko Prods*., 284 F. App'x 14, 15 (4th Cir. 2008).

**II. The Complaint fails to state a claim upon which relief can be granted as Defendant Rockingham County Department of Parks and Recreation does not have the capacity to be sued.**

Plaintiff has named Rockingham County Department of Parks and Recreation as the Defendant in this Title VII case. In order for a claim to be plausible under the *Iqbal-Twombly* pleading standard, it must be asserted against an entity that has the capacity to be sued. *Braxton v. Wythe Cty. Dep't of Soc. Servs.*, No. 7:19CV00718, 2020 U.S. Dist. LEXIS 3640, at *1-2 (W.D. Va. Jan. 9, 2020). Whether a governmental body is an entity capable of being sued is a matter of state law. *Avery v. County of Burke*, 660 F.2d 111, 113-14 (4th Cir. 1981); Fed. R. Civ. P. 17(b)(1). In Virginia, an operating division of a governmental entity cannot be sued unless the legislature has vested the operating division with the capacity to be sued. *Muniz v. Fairfax Cty. Police Dep't,* No. 1:05cv466, 2005 U.S. Dist. LEXIS 48176, at *4 (E.D. Va. Aug. 2, 2005) (dismissing Fairfax Police Department since the Code of Virginia did not provide that the FPD could be sued as a separate entity it was not capable of being sued) *aff'd* 185 F. App'x 230 (4th Cir. 2006)(per curiam); *see also, Ross v. Franklin Cty. Dep't of Soc. Servs*., 186 F. Supp. 3d 526, 534 (W.D. Va. 2016)(dismissing county department of social services as lacking the capacity to be sued).

Here, the named defendant, Rockingham County Department of Parks and Recreation, is *non suis juris* and is not an entity subject to suit. *See Sisk v. Arlington Cty. Dep't of Parks & Rec. & Cultural Res.*, No. 08-1293, 2009 U.S. Dist. LEXIS 144323, at *2 (E.D. Va. Apr. 2, 2009) (dismissing action against the Arlington County Department of Parks and Recreation and Cultural Resources as

TimberlakeSmith
Staunton, VA
540.885.1517

it was but a division of Arlington County and not a separate entity subject to suit); *see also Booker v. City of Lynchburg*, No. 6:20-cv-00011, 2020 U.S. Dist. LEXIS 128818, at *11 (W.D. Va. July 22, 2020) (terminating the Lynchburg City Police Department as a defendant as it is not an entity subject to suit); *Thompson v. City of Danville*, No. 4:10-cv-00012, 2011 U.S. Dist. LEXIS 59698 (W.D. Va. June 3, 2011) (departments of a locality in Virginia are *non suis juris*, meaning they simply do not have the capacity to be sued") *aff'd* 457 Fed. Appx. 221 (4th Cir. 2011) (per curiam); *Doe v. Commonwealth*, 74 Va. Cir. 75, 83 (Cir. Ct. 2007); *Young v. City of Norfolk*, 62 Va. Cir. 307, 310 (Cir. Ct. 2003). Plaintiff has not identified any state or local provision that gives the Rockingham County Department of Parks and Recreation the capacity to sue or be sued. *See Ross*, 186 F.Supp. 3d at 534.

For this reason, Plaintiff cannot maintain her action against the Rockingham County Department of Parks and Recreation which should be dismissed as a defendant.

**III. Plaintiff failed to exhaust the administrative procedures with the Equal Employment Opportunity Commission (EEOC), a mandatory predicate to filing a civil action under Title VII**.

Plaintiff fails to state a claim upon which relief can be granted as she failed to exhaust the administrative procedures with the Equal Employment Opportunity Commission (EEOC). These administrative procedures are mandatory and must be exhausted before a suit can be filed. *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1851 (2019) (Title VII's EEOC charge-filing provisions are mandatory).

Title VII's charge filing requirements are contained in 42 USCS § 2000e-5(e) and 5(f). They are procedural obligations that are mandatory. *Id*. They require complainants to submit information to the EEOC and to wait a specified period before commencing a civil action. *Id*. Such administrative action is initiated by the filing of a charge of discrimination with the EEOC within 300 days after the

TimberlakeSmith
Staunton, VA
540.885.1517

alleged unlawful employment practice occurred. 42 USCS § 2000e-5(e).[1] A civil action may only be brought by the person aggrieved after the person has received a notice of the right to sue from the EEOC. 42 USCS § 2000e-5(f)(1). The aggrieved person then has 90 days within which to file such civil action. *Id*. Notably, the allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). The filing of an administrative charge is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit. *Nnadozie v. Genesis Healthcare Corp*., 730 F. App'x 151, 161 (4th Cir. 2018) (citations omitted). Thus, only those allegations included in the EEOC charge of discrimination will be considered in a subsequent civil action. *Balas v. Huntington Ingalls Indus*., 711 F.3d 401, 407 (4th Cir. 2013) (details in letters and other documents submitted to the EEOC that were not included in the original charge are barred from consideration).

Here, Plaintiff alleged that she exhausted the administrative process in paragraphs 9-12 of the Complaint and in the supporting documents attached to the Complaint as Exhibits A, B, and C.[2] The Charge of Discrimination (Exhibit A to the Complaint) relied upon by Plaintiff to establish that she met the exhaustion requirement is for EEOC Charge No. **438-2017-00066**. However, the EEOC

---

[1] Title VII establishes two potential limitations periods within which a discrimination charge may be filed with the EEOC. *See* 42 U.S.C.A. § 2000e-5(e)(1). The basic limitations period is 180 days after the alleged unlawful employment practice. However, the limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency. Holland v. Wash. Homes, Inc., 487 F.3d 208, 219 (4th Cir. 2007). By virtue of the work-sharing agreement between the EEOC and the Virginia Human Rights Council (VHRC), filing the claim with the EEOC constitutes filing with the VHRC such that the 300-day period applies and the sixty-day deferral period is waived. *Gilliam v. S.C. Dep't of Juvenile Justice*, 474 F.3d 134, 140 (4th Cir. 2007); *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435 (4th Cir. 1998); *Puryear v. Cnty. of Roanoke*, 214 F.3d 514 (4th Cir. 2000).

[2] This Court may consider exhibits attached to the Complaint when deciding a motion to dismiss under Rule 12(b)(6). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

TimberlakeSmith
Staunton, VA
540.885.1517

Determination and Notice of Right to Sue (Exhibits B and C to the Complaint) relied upon by Plaintiff to establish that she met the exhaustion requirement are for a different EEOC charge--EEOC Charge No. **438-2018-00066**, which is not attached to the Complaint or otherwise mentioned. Because the scope of the Charge of Discrimination is what governs the scope of this suit (*see Balas*, 711 F.3d at 407), Plaintiff must have a right to sue notice for that particular charge before she can file suit. She is not at liberty to mix and match EEOC charges and right to sue notices.

A district court may reach the merits of an affirmative defense when ruling on a motion to dismiss "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund*, 929 F.3d at 152 (citing *Goodman*, 494 F.3d at 464); *see also Demetry*, 284 F. App'x at 15. Here, the scope of EEOC No. 438-2017-00066 governs the scope of this lawsuit. It is that charge for which Plaintiff must receive a right to sue notice before suit can be filed. On the face of the Complaint and its exhibits, Plaintiff has not received a right to sue notice on EEOC No. 438-2017-00066 and thus she has failed to exhaust the administrative procedures as mandated by Title VII, and her claim should be dismissed.

**CONCLUSION**

For these reasons, Defendant requests that the Complaint be dismissed with prejudice, and that it be awarded such other and further relief as this Court deems appropriate.

ROCKINGHAM COUNTY
Department of Parks and Recreation,

By counsel

TimberlakeSmith
Staunton, VA
540.885.1517

By: /s/ Rosalie Pemberton Fessier
Rosalie Pemberton Fessier
VSB # 39030
Mandi Montgomery Smith
VSB # 68668

Brittany E. Shipley
VSB # 93767
Attorneys for Defendant Rockingham County
Department of Parks and Recreation
Timberlake**Smith**
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone: 540/885-1517
fax: 540/885-4537
email: rfessier@timberlakesmith.com
msmith@timberlakesmith.com
bshipley@timberlakesmith.com

CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2021, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Joanne Dekker, Esquire
Spiggle Law Firm, PLLC - Arlington
4830A 31st St., S., Suite A
Arlington VA 22206

/s/ Rosalie Pemberton Fessier

Rosalie Pemberton Fessier
VSB # 39030
Mandi Montgomery Smith
VSB # 68668
Brittany E. Shipley
VSB # 93767
Attorneys for Defendant Rockingham County
Department of Parks and Recreation
Timberlake**Smith**
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone: 540/885-1517
fax: 540/885-4537
email: rfessier@timberlakesmith.com
msmith@timberlakesmith.com
bshipley@timberlakesmith.com

TimberlakeSmith
Staunton, VA
540.885.1517