**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
Harrisburg Division

| | |
|---|---|
| ASHLEY ADAMS, *Plaintiff,* v. ROCKINGHAM COUNTY, *Defendant*. | Case No.: 5:21-cv-00006-TTC |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSTION TO DEFENDANT ROCKINGHAM COUNTY'S MOTION TO DISMISS**

Plaintiff, Ashley Adams (hereinafter "Plaintiff" or "Ms. Adams"), by and through undersigned counsel, respectfully submits her memorandum of points and authorities in support of her Opposition to the Motion to Dismiss filed by Defendant Rockingham County (Defendant or "Rockingham County") pursuant to Fed. R. Civ. P. 12(b)(6).

**I.  PROCEDURAL HISTORY**

Prior to instituting this action, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on March 12, 2018, EEOC No. 438-2018-00066.  On or about July 23, 2019, the EEOC issued a cause finding specifying that there is reasonable cause to believe that Rockingham County violated Title VII of the Civil Rights Act of 1964, as amended and that it subjected Ms. Adams to illegal sexual harassment and retaliation. On September 29, 2020, the EEOC issued a Notice of Right to Sue and Conciliation Failure.  Ms. Adams timely filed her lawsuit in the Circuit Court for Rockingham County, Case No. CL20-4622.  Defendant filed a Demurrer in Case No. CL20-4622 and then removed the case to this Court.

As demonstrated below, Defendant's assertions that 1) Ms. Adams has not named the proper party to this litigation and 2) that the scrivener's error present on Ms. Adams' original charge of discrimination of "2017" rather than "2018" in the charge number preclude her from litigating this matter, are frivolous and wholly without merit.

## II.   PLEADING STANDARD

In the context of employment discrimination claims, "a plaintiff is not required to plead facts that constitute a prima facie case" in order to survive a motion to dismiss. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th 2010) (citing *Swierkiewicz v.Sorema NA.*, 534 U.S. 506, 510-15 (2002)). However, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Coleman*, *supra*, at 190 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, at 555 (2007). Although a complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, at 555.

Ms. Adam's complaint more than meets these standards.

## III.   THE DEFENDANT, ROCKINGHAM COUNTY, HAS BEEN PROPERLY NAMED AND CAN BE SUED UNDER TITLE VII.

Defendant's assertion that the named "defendant" in this action is "Rockingham County Department of Parks and Recreation" is clearly misplaced. Throughout her Complaint, Ms. Adams *only* identifies the defendant in this matter as Rockingham County. It is found in her opening statement under "Complaint," she identifies herself as "an employee of Defendant Rockingham County," (Compl. ¶4) and specifically identifies "Defendant Rockingham County" as the

defendant in this matter. (Compl. ¶5.) Her Prayer for Relief seeks relief from "Defendant, Rockingham County."[1]

Indeed, the *only* location in Ms. Adams' Complaint where she refers to the Department of Parks and Recreation, (aside from naming employee(s) from the Department), is within the caption. Even assuming, *arguendo,* that Ms. Adams incorrectly named Rockingham County Department of Parks and Recreation as the "Defendant," this is nothing more than a simple misnomer, not misjoinder, as Defendant avers. Rockingham County has received fair and timely notice of Ms. Adams' claims and has not suffered any prejudice because the subtitle, "Department of Parks and Recreation" was included in the caption.

In the recent Virginia case of *Hampton v. Meyer*, 847 S.E.2d 287 (Va. 2020), the Virginia Supreme Court held that, "Whether a party named in a caption is a proper party to the action is to be determined not merely by how that party is identified in the caption of the pleading, but by the allegations set forth within a pleading that identify that party more specifically." *Id.* at 290-294. As this matter was originally filed in the Circuit Court for Rockingham County, any misnomer by Ms. Adams is easily correctable and not grounds for dismissal.

The same result is found under the Federal Rules of Civil Procedure, specifically Fed.R.Civ.P. 15, which allows Ms. Adams to correct a misnomer. *See*, *Goodman v. Praxair, Inc.*, 494 F.3d 458 (4th Cir. 2007).

Further, Ms. Adams submits that Title VII is a remedial statute that must be construed liberally to accomplish the goals of the statute. *See e.g., Tcherepnin v. Knight*, 389 U.S. 332,

---

[1] Ms. Adams respectfully requests Court take judicial notice of the Summons filed and served in this matter in the Circuit Court for Rockingham County, issued against Defendant Rockingham County, not the Department of Parks and Recreation and served on Thomas Miller, the Rockingham County Attorney.

3

336 (1967) and *Puryear v. City of Roanoke*, 214 F.3d 514, 522 (4th Cir. 2000). Construing the statute liberally has allowed courts to find that mistakes in naming respondents should not cause a lawsuit to be dismissed. *See Ross v. Franklin Cnty. Dep't of Soc. Servs.*, 186 F. Supp. 3d 526, 530-31 (W.D.Va. 2016); *Kouri v. Todd,* 743 F.Supp. 448, 451 (1990) ([a] charge of discrimination is generally completed by a lay person, "courts routinely construe this naming requirement liberally."). *EEOC v. Am. Nat'l Bank,* 652 F.2d 1176, 1186 n. 5 (4th Cir.1981), *cert, denied,* 459 U.S. 923, 103 S.Ct. 235 (1982) ("[W]here there is substantial, if not complete identity of parties before the EEOC and the court, it would require an unnecessarily technical and restrictive reading of [the statute] to deny jurisdiction.").

In the event that the Court determines that the inclusion of "Department of Parks and Recreation" in the caption has created a misnomer, Ms. Adams respectfully requests that the Court grant her leave to file an amended Complaint, to modify the caption to correct this misnomer of the Defendant.

**IV.   MS. ADAMS PROPERLY EXHAUSTED HER ADMINISTRATIVE REMEDIES.**

In late 2017, Ms. Adams contacted the EEOC through its online Intake Questionnaire. In mid-January, 2018, Ms. Adams received a letter from the EEOC dated January 11, 2018, advising her that the EEOC sent her a Charge of Discrimination package on December 19, 2017. The letter enclosed an additional copy of the Charge of Discrimination package and indicated Ms. Adams had five days to respond. Attached hereto as Exhibit A is a true and correct copy of the EEOC's January 11, 2018 letter.

On  February 1, 2018, the EEOC issued a Right to Sue letter. Attached hereto as Exhibit B is a true and correct copy of the February 1, 2018 Right to Sue. On March 9, 2018, Ms. Adams' counsel sent the EEOC a Letter of Representation and two copies of Ms. Adams' "March 12, 2018

EEOC Charge," indicating a filing charge number of 438-*2017*-00066.  Attached hereto as Exhibit C is a true and correct copy of the Letter of Representation and enclosed EEOC Charge.  On March 23, 2018, the EEOC issued a Notice of Intent to Reconsider Ms. Adams' 438-2018-00066 charge and revoke the previously issued February 1, 2018 Right to Sue.  Attached hereto as Exhibit D is a true and correct copy of the EEOC's March 23, 2018 Notice of Intent to Reconsider.

*Every other communication* from or to the parties and/or the EEOC, reflect the 438-2018-00066 charge number.  Indeed, in response to Ms. Adams' EEOC Charge, Rockingham County submitted to the EEOC a "Position Statement of Rockingham County, Virginia" with the Agency Charge number on the right-hand side of the "Position Statement of Rockingham County, Virginia" as follows:

> "438-2018-00066
> (2017)"[2]

Attached hereto as Exhibit E is a true and correct copy of Rockingham County's Position Statement.

Thus, in responding to the EEOC regarding Ms. Adams' claims of sexual discrimination, harassment and retaliation, Defendant clearly acknowledged *and understood* that 2017 was a typographical error.  It is disingenuous for Rockingham County to now assert that the charge filed with the EEOC on March 12, 2018, as attached to the complaint, does not represent the charge for the Right to Sue issued by the EEOC on September 29, 2020.

---

[2] Ms. Adams suggests that Rockingham County included the "(2017)" to ensure that all recipients, including the EEOC, had no misunderstanding as to what the correct charge number was.  The parties' and the EEOC's understanding, that "2018" was the correct number was confirmed throughout the subsequent course of dealings with the EEOC.

## V. **CONCLUSION**

Ms. Adams maintains that she has properly named the correct party, *i.e.,* Rockingham County, and that she has fully exhausted her administrative remedies prior to filing her lawsuit against Rockingham County. For the reasons stated above, Ms. Adams requests that Defendant Rockingham County's Motion to Dismiss be denied in full and that Plaintiff be awarded her costs any other such remedies as the Court may deem fair and just in responding to this motion.

Dated: February 22, 2021

                                              Respectfully Submitted,

                                              /s/ *Joanne Dekker*
Joanne Dekker
Virginia State Bar No. 29941
The Spiggle Law Firm, PLLC
4830A 31st St., S., Suite A
Arlington, Virginia 22206
(202) 449-8527 (main number)
(703) 215-1123, ext. 1 (direct dial)
(202) 517-9179 (fax) jdekker@spigglelaw.com
*Counsel for Plaintiff, Ashley Adams*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2021, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Rosalie Pemberton Fessier, Esq.
Mandi Montgomery Smith, Esq.
Brittany E. Shipley, Esq.
TimberlakeSmith
25 North Central Avenue
P.O. Box 108
Staunton, VA 24402-0108
Telephone:     (540) 885-1517
Facsimile:     (540) 885-4537
E-Mail:        rfessier@timberlakesmith.com
               msmith@timberlakesmith.com
               bshipley@timberlakesmith.com

*Attorneys for Defendant, Rockingham County*

    /s/*Joanne Dekker*
Joanne Dekker, Esq.