IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ASHLEY ADAMS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:21cv00006 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ROCKINGHAM COUNTY ) | |
| Department of Parks and Recreation ) | By:  Hon. Thomas T. Cullen |
| ) |         United States District Judge |
| Defendant. ) | |

Plaintiff Ashley Adams alleges that Defendant Rockingham County discriminated against her, created a hostile work environment, and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act. This matter is before the court on defendant's motion to dismiss (ECF No. 7). Because oral argument would not help the court's decision-making process, the court will forego oral argument and decide the motion on the briefs filed by the parties.

Defendant argues that Adams's complaint is defective because she (1) names an improper party that is not amenable to suit, and (2) fails to plead facts showing that Adams has exhausted her administrative remedies by filing a charge of discrimination with the EEOC. While Adams's complaint does suffer these flaws on its face, a thorough review of the relevant pleadings reveals that the flaws are the result of either typographical errors or inartful drafting. For that reason, the court will grant the motion to dismiss in part but will extend Adams leave to amend her complaint.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining facial plausibility, the court must accept all factual allegations in the complaint as true. *Id.* The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Defendant's first argument is that Rockingham County Department of Parks and Recreation, the party named in the caption of Adams's complaint, is *non suis juris* and not amenable to suit. Defendant is correct. Capacity to be sued in this case is governed by the law of the State of the Virginia. *See* Fed. R. Civ. P. 17(b). Virginia law provides that an operating division of a governmental entity—like the Department of Parks and Recreation—may not be sued unless the state legislature has specifically designated it as amenable to suit. *See Ross v. Franklin Cty. Dep't of Soc. Servs.*, 186 F. Supp. 3d 526, 534 (W.D. Va. 2016); *Muniz v. Fairfax*

*County Police Dep't.*, No. 1:05–cv–00446, 2005 WL 1838326, at *2 (E.D. Va. Aug. 2, 2005). The court is not aware of, and plaintiff does not identify, any Virginia statute giving county departments of parks and recreation the capacity to be sued. Therefore, the Rockingham County Department of Parks and Recreation is *non suis juris* and any suit against it must be dismissed.

This legal conclusion is almost entirely irrelevant to the merits of Adams's suit, however. The substance of her complaint makes clear that the inclusion of the Department of Parks and Recreation in the caption of Adams's complaint is the result of either a typographical error or inartful drafting. Every allegation in her complaint is directed at the county, not its sub-entity. Indeed, the caption is the *only* place where Adams names the Department of Parks and Recreation as opposed to the County. (*See* ECF No. 1-2.) Adams also makes many allegations against the county based on actions by employees who do not work for the Department of Parks and Recreation. For example, her Title VII and Pregnancy Discrimination Act claims involve conduct by County Supervisors and Human Resources staff. (*See id.* at 7, 11.) These allegations and Adams's consistent naming of Rockingham County as the defendant make clear that she intends to sue the county, not its sub-entity.

In the event that the court found this problematic, Adams requested leave to amend the caption of her complaint to clarify that the suit is against Rockingham County, which the court construes as a motion for leave to amend under Federal Rule of Civil Procedure 15. (*See* ECF No. 10 at 4.) That rule requires the Court to "freely give" leave to amend where "justice so requires." Fed. R. Civ. P. 15(a)(2). Granting Adams's motion would not prejudice Rockingham County and would further the ends of justice. The County is clearly on notice of

3

the suit; in addition to the points made above about the nature of the allegations, the state-court service records indicate the service was performed upon the County Attorney (with the case captioned as "Ashley Adams v. Rockingham County," no less). (ECF No. 1-2 at 30–31.) It would be a miscarriage of justice to rule that such a minor error is fatal to Adams's case where the record makes clear that Rockingham County was on notice both that it was a defendant and that Adams was making specific allegations against it. As the Fourth Circuit has said,

> Under the practice statutes and rules of practice of the several states, where the proper party is before the court, although there under a wrong name, and, if the plaintiff, he is the party having the cause of action, and, if the defendant, he is the party the plaintiff intended to sue and did sue, and the court considers such defendant within its jurisdiction, an amendment of process and pleading will be allowed to change or correct the name of either plaintiff or defendant to cure the misnomer.

*United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 874 (4th Cir. 1947). Because the caption of Adams's complaint is clearly a typographical error, and because correcting it will not prejudice the defendant, the court finds that justice requires granting leave it amend. The court will therefore grant the motion to dismiss in part but allow Adams to amend her complaint to specifically name Rockingham County.

Defendant's second argument has more substance: It argues that Adams has not provided an EEOC charge of discrimination demonstrating that she has exhausted her administrative remedies. Plaintiffs are required to exhaust administrative procedures with the Equal Employment Opportunity Commission ("EEOC") prior to filing a Title VII suit in federal court. *See Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1851 (2019); 42 U.S.C. § 2000e-5(e)–(f). This requires filing a charge of discrimination with the EEOC and subsequently receiving

4

a notice of right to sue. *See* 42 U.S.C. § 2000e-5(f)(1). A federal court presiding over a civil suit may only consider those allegations contained in the EEOC charge that preceded the suit. *See Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013) (citing *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996).

Adams's complaint contains an EEOC charge of discrimination and a notice of right to sue, the two documents required to demonstrate that she has exhausted her administrative remedies. (ECF No. 1-2 at 19, 24.) But, as defendant points out, the charge numbers on those documents do not match. The charge of discrimination attached to the complaint is for charge number 438-**2017**-00066 while the notice of right to sue is for charge number 438-**2018**-00066. (*See* ECF No. 1-2 at 19, 24.) Defendant argues that because the two documents do not have the same charge numbers, Adams has failed in her burden to prove that she has exhausted her claims. If Adams did file two different charges of discrimination, the argument goes, she has only proven exhaustion if she provides the court with the charge underlying this particular litigation.

Adams argues that her EEOC charge number is 438-2018-00066 and that the 438-2017-00066 number on the charge attached to her complaint is a typo. This explanation is reasonable in light of the documents before the court. Most obvious is the fact that the two numbers are identical apart from the year in the charge number. It is highly unlikely that one charging party would receive the exact same case number in two consecutive years. Additionally, the charge of discrimination is dated March 12, 2018, despite being numbered with a 2017 designation. (*See* ECF No. 10-3 at 4.) The charge also fits into the timeline of the other EEOC documents before the court; it postdates the EEOC charge of discrimination

5

package for charge 438-2018-00066 and immediately predates an EEOC Notice of Intent to reconsider charge number 438-2018-00066. (*See* ECF Nos. 10-1, 10-4.) Even further, Defendant's evidence indicates that it is aware of a typographical error in the charge number. Rockingham County's position statement before the EEOC notes the charge number as 438-2018-00066 but places "2017" in parenthesis beneath the "2018" in the charge number. (*See* ECF No. 10-5 at 2.) Defendant has also declined to represent to the court that Adams filed two charges of discrimination against it. Its briefing heavily relies on the ambiguity created by the difference in the charge numbers without outright stating that Adams has attached the wrong charge—something it would know as the Respondent in the EEOC case.

Because the evidence available at this point strongly indicates that Adams attached the correct EEOC charge but that the charge itself contains a typographical error, the Court will deny defendant's motion to dismiss as to this argument without prejudice. Should discovery reveal that Adams filed an additional charge and did not exhaust the claims before this court, the court will take this issue up again on defendant's motion.

For the reasons stated in this opinion, the Court will grant in part and deny in part the motion to dismiss without prejudice, and grant Adams's motion to amend her complaint. The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

**ENTERED** this 12th day of March, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE