# EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Richmond Local Office**

400 N. 8th Street, Suite 350
Richmond, VA 23219
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Richmond Status Line: (866) 408-8075
Direct Dial: (804) 771-2200
TTY (804) 771-2227
FAX (804) 771-2224
Website: www.eeoc.gov

Charge Number: 438-2018-00066

Ashley Adams
2332 Breckenridge Court
Harrisonburg, Virginia 22801

Charging Party

Rockingham County
Department of Parks and Recreation
20 East Gay Street
Rockingham, Virginia 22802

Respondent

**DETERMINATION**

Under the authority vested in me by the Commission, I issue the following determination on the merits of this charge. Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII"), and timeliness, deferral, and all other requirements for coverage have been met.

Charging Party alleges Respondent subjected her to a hostile work environment, a sexually hostile work environment and denied her a promotion to Recreation Supervisor, based on her sex, female and pregnancy, in violation of Title VII.

Examination of the evidence shows that Charging Party was subjected to unwelcome comments and conduct by a male Department Manager. The comments and conduct were based on Charging Party's sex, female and pregnancy, and were sufficiently severe or pervasive to alter her working conditions and create a hostile work environment. Respondent is liable for the harassment and sexual harassment of Charging Party as it knew or should have known about the conduct and failed to take reasonable care to prevent and promptly correct the behavior. In the alternative, liability may be imputed to Respondent because the harassment was perpetrated by an individual with direct or successively higher authority over Charging Party, and Respondent cannot establish an affirmative defense to liability. The evidence shows the Department Head

was aware of the Department Manager's behavior but failed to take action to correct it. The evidence further shows that Charging Party complained about the difference in treatment to Human Resources when she complained that 'boys; were given preferential treatment as compared to 'girls.' No evidence was provided to show Respondent took any action to remedy the situation after Charging Party's complaint. The evidence shows Charging Party was denied a promotion to Recreation Supervisor by the same individuals who were aware of and condoned the hostile work environment. Accordingly, there is reasonable cause to conclude Respondent violated Title VII.

Upon finding that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of the matter. The confidentiality provisions of Sections 706 and 709 of Title VII and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

JUL 18 2019

Date

Daron L. Calhoun, Director
Richmond Local Office