UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| ASHLEY ADAMS, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No.  5:21-cv-6 |
| | ) | |
| ROCKINGHAM COUNTY, | ) | |
| | ) | |
| *Defendant* | ) | |

# ANSWER

Defendant Rockingham County, by counsel, files this Answer to the First Amended Complaint as follows:

1.\quad Defendant denies the allegations in paragraph 1.

2.\quad With respect to paragraph 2, Defendant admits that Plaintiff is seeking damages pursuant to VII.  Defendant denies any gender discrimination.

3.\quad Upon information and belief, Defendant admits the allegations in paragraph 3.

4.\quad Defendant admits the allegations in paragraph 4.

5.\quad With respect to paragraph 5, Defendant admits that its administrative offices are located at 20 E. Gay Street, Harrisonburg, Virginia.  Defendant denies the remaining allegations in paragraph 5.

6.\quad Defendant admits the allegations in paragraph 6.

7.\quad Defendant admits the allegations in paragraph 7 but denies that it conducts business operations as it is a political subdivision of the Commonwealth of Virginia exercising governmental functions.

8. With respect to paragraph 8, Defendant admits that venue is proper in the Harrisonburg Division and that its administrative offices are located in Harrisonburg. Defendant denies the remaining allegations in paragraph 8.

9. Defendant admits the allegations in paragraph 9.

10. With respect to paragraph 10, Defendant admits that the EEOC issued the letter of determination in Exhibit B which speaks for itself.   Defendant denies that the findings there are trustworthy or probative, and denies that it relates to the charge of discrimination in Exhibit A.

11. With respect to paragraph 11, Defendant admits that the EEOC issued the Notices in Exhibit C which speak for themselves. Defendant denies that the notices in Exhibit C relates to the charge of discrimination in Exhibit A.

12. Defendant denies the allegations in paragraph 12.

13. With respect to paragraph 13, Defendant admits that Plaintiff began her fulltime employment with Rockingham County on January 22, 2015.

14. With respect to paragraph 14, Defendant admits that Plaintiff's direct supervisor was Rawley, and then McQuain. Defendant denies that Bridges was her supervisor.  Defendant denies the remaining allegations in paragraph 14.

15.  Defendant denies the allegations in paragraph 15 except that Defendant admits that it retained an independent investigator to investigate Plaintiff's claims as soon as she reported them.

16. With respect to paragraphs 16 and 17, Defendant admits that Plaintiff made a report about a complaint made to her from another employee about Bridges.  Defendant admits that it investigated the report.  Defendant denies the remaining allegations.

17. Defendant denies the allegations in paragraphs 18, 19, 20, 21, and 22.

TimberlakeSmith
Staunton, VA
540.885.1517

18. With respect to paragraphs 23, 24, 25, and 26, Defendant admits that Plaintiff reported to Mongold Plaintiff's generalized perceptions that McQuain gave preferential treatment to the boys over the girls. Plaintiff did not report sexual harassment, complain about Bridges or a hostile work environment, or complain about a failure to promote. Mongold investigated Plaintiff's report, as was her duty, which included interviewing McQuain without disclosing the name of the complainant. Defendant denies any retaliation for her report to Mongold. Defendant denies the remaining allegations in those paragraphs.

19. With respect to the allegations in paragraphs 27 and 28, Defendant admits that Plaintiff was one of three internal applicants for the supervisor position. Defendant admits that the interviews were scheduled on the same day, but that McQuain had to leave the office for a personal matter before Plaintiff's interview. Mongold interviewed Plaintiff at her scheduled time which was the same day as the other candidates. Plaintiff was given a second interview so that she could be interviewed by McQuain, an opportunity that was not offered to the other candidates. The person who was offered the position was more qualified than Plaintiff. Defendant denies the remaining allegations.

20. Defendant denies the allegations in paragraphs 29, 30, 31, 32, 33, 34, and 35.

21. Defendant denies the allegations in paragraph 36, except that Defendant admits that Plaintiff requested and was provided breaks to express milk.

22. Defendant denies the allegations in paragraphs 37, 38, and 39.

23. Defendant denies the allegations in paragraph 40, except that Defendant admits that Plaintiff sent an email to the Board of Supervisors, the content of which speaks for itself.

24. With respect to paragraph 41, Defendant admits that it conducted an independent investigation into Plaintiff's allegations first reported on November 2, 2017. Defendant admits that

it made repeated offers to Plaintiff to participate in or otherwise provide information to the independent investigator to ensure that the investigator had all of the information needed. Defendant admits that Plaintiff refused those opportunities. Defendant denies the remaining allegations in paragraph 41.

25. With respect to paragraph 42, Defendant admits that Plaintiff refused to participate in the independent investigation. Defendant denies the remaining allegations.

26. With respect to paragraph 43, Defendant admits that the investigator's report speaks for itself. Defendant denies any allegations inconsistent therewith.

27. With respect to paragraph 44, Defendant incorporates the preceding paragraphs.

28. Defendant denies the allegations in paragraphs 45, 46, 47, 48, 49, 50, and 51.

29. With respect to paragraph 52, Defendant incorporates the preceding paragraphs.

30. Defendant denies the allegations in paragraphs 53, 54, 55, 56, 57, 58, 59, and 60.

31. With respect to paragraph 61, Defendant incorporates the preceding paragraphs.

32. Defendant denies the allegations in paragraphs 62, 63, 64, 65, 66, 67, and 68.

33. With respect to paragraph 69, Defendant incorporates the preceding paragraphs.

34. Defendant denies the allegations in paragraphs 70, 71, 72, and 73.

35. With respect to paragraph 74, Defendant incorporates the preceding paragraphs.

36. Defendant denies the allegations in paragraphs 75, 76, 77, and 78.

37. Defendant denies that Plaintiff is entitled to any of the relief requested.

38. Defendant denies any allegations not specifically addressed herein.

39. Defendant asserts that all of Plaintiff's claims arising out of a failure to promote are time barred, as the supervisor position was filled on May 8, 2017, and Plaintiff filed her charge of discrimination 308 days later, on March 12, 2018. *See* Amended Complaint ¶9, and Exhibit A.

TimberlakeSmith
Staunton, VA
540.885.1517

40. Defendant asserts that Plaintiff's action is barred by the applicable statute of limitations as Plaintiff filed the Amended Complaint against the Defendant 168 days after the notice of her right to sue.

41. Defendant asserts that Plaintiff failed to exhaust her administrative remedies.

42. Defendant asserts that it is not liable for any allegations or claims that exceed the scope of the Charge of Discrimination.

43. Defendant asserts that its decision not to promote Plaintiff to the supervisor position was legitimate and nondiscriminatory.

44. Defendant asserts that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior by implementing and enforcing an adequately disseminated anti harassment and discrimination policy which provided reasonable procedures for victims to register complaints and by providing training. Plaintiff unreasonably failed to take advantage of any and all preventive or corrective opportunities provided by Defendant or to avoid harm otherwise. She failed to avail herself of the remedies under the anti harassment and discrimination policy, failed to otherwise report sexual harassment until the day of her resignation, yet she expressly requested to be placed under the alleged harasser's direct supervision in May of 2017, and then after her promotion and transfer to an entirely separate department in October, 2017, without any justifiable reason, she continued to return to Parks and Recreation which is where the alleged hostile work environment existed.

45. Defendant asserts the defense of laches as there was a lack of diligence by Plaintiff in reporting sexual harassment or a hostile work environment and/or filing a charge which prejudiced the Defendant who was prohibited from taking corrective action until it was first notified on November 2, 2017.

TimberlakeSmith
Staunton, VA
540.885.1517

5

46. Defendant asserts that Plaintiff failed to mitigate her damages.

47. Defendant denies that Bridges was a "supervisor" under Title VII as he was not empowered to take tangible employment action against Plaintiff. Defendant asserts that Plaintiff specifically requested to be placed under his direction supervision in May of 2017, but her request was denied.

48. Defendant denies that Plaintiff was constructively discharged. Defendant asserts that when Plaintiff resigned, she no longer worked in Parks and Recreation, and so was no longer under the supervision of McQuain or in the physical proximity of Bridges. A month before Defendant was notified of Plaintiff's complaints and her resignation, Plaintiff was promoted and began working in the Economic Development Department. This promotion included an increase in pay, responsibility, and stature. Her new office was physically removed from the offices where the alleged hostile work environment existed.

49. Defendant reserves the right to recover an award of attorney's fees as a prevailing party under 42 U.S.C. 200e-5(k).

50. TRIAL BY JURY IS DEMANDED

WHEREFORE, Defendant respectfully requests that judgment be awarded in his favor and his costs expended, that he be awarded his attorney's fees if appropriate, and that he be afforded such other and further relief as this Court deems appropriate.

ROCKINGHAM COUNTY,

By counsel

By:     /s/ Rosalie Pemberton Fessier
Rosalie Pemberton Fessier
VSB # 39030
Mandi Montgomery Smith

TimberlakeSmith
Staunton, VA
540.885.1517

6

VSB # 68668
Brittany E. Shipley
VSB # 93767
Attorneys for Defendant Rockingham County
    Department of Parks and Recreation
Timberlake**Smith**
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone:  540/885-1517
fax:      540/885-4537
email:   rfessier@timberlakesmith.com
         msmith@timberlakesmith.com
         bshipley@timberlakesmith.com

### CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2021, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Joanne Dekker, Esquire
    Spiggle Law Firm, PLLC - Arlington
    4830A 31st St., S., Suite A
    Arlington  VA  22206

      /s/ Rosalie Pemberton Fessier
    Rosalie Pemberton Fessier
    VSB # 39030
    Mandi Montgomery Smith
    VSB # 68668
    Brittany E. Shipley
    VSB # 93767
    Attorneys for Defendant Rockingham County
        Department of Parks and Recreation
    Timberlake**Smith**
    25 North Central Avenue
    P. O. Box 108
    Staunton, VA 24402-0108
    phone:  540/885-1517
    fax:      540/885-4537
    email:   rfessier@timberlakesmith.com
           msmith@timberlakesmith.com
           bshipley@timberlakesmith.com

TimberlakeSmith
Staunton, VA
540.885.1517

w:\lib\tsdocs\29403\0076\00282255.docx